**SERVETTE, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 17678.

United States Court of Appeals Ninth Circuit.

Jan. 22, 1963.

**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**SERVETTE, INC., Respondent.**

**No. 17660.**

United States Court of Appeals
Ninth Circuit.

Dec. 28, 1962.

Before CHAMBERS and JERTBERG, Circuit Judges, and CLARK, District Judge.

PER CURIAM.

On November 26, 1962, this Court filed its opinion remanding the above cause to the board for further proceedings consistent with the views expressed therein.

The National Labor Relations Board has moved this Court to amend its opinion so that the Board on remand may determine whether the handbilling constituted a threat, restraint, or a coercion within the meaning of § 8(b) (4) (ii) of the Act, or was constitutionally protected free speech.

Neither of these defenses to the Union's illegal activities was raised or discussed by the Board in the prior proceedings nor urged or raised before this Court in the briefs or arguments.

The Board's reliance upon Great Western Broadcasting Corp. v. N. L. R. B., 310 F.2d 591 (9th Cir.) is misplaced. In Great Western the labor unions intervened in the proceedings and raised the restraint, coercion and constitutional questions. The first intimation of such grounds in the instant case was raised on the motion for clarification.

The motion of the Board is denied. See Partenweederei, MS Belgrano, and Rudolph A. Oetker v. George Weigel (9th Cir.), 313 F.2d 423. See National Labor Relations Act, as Amended, 29 U.S.C. § 160(e): "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."